**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIN POWERS,<br><br>                                Plaintiff,<br><br>        v.<br><br>APPLE,<br><br>                                Defendant. | Case No.:  26-cv-03050-DMS-JAC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT SUA SPONTE; DENYING OMNIBUS MOTION**<br><br>**[ECF Nos. 1–3]** |

Plaintiff Christin Powers, proceeding pro se, filed a Complaint against Defendant Apple on May 15, 2026.  (Compl., ECF No 1.)  Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"), (IFP Mot., ECF No. 2), and an omnibus motion, wherein she makes miscellaneous requests ("Omnibus Motion"), (Omnibus Mot., ECF No. 3).  For the following reasons, the Court grants Plaintiff's motion to proceed IFP, dismisses the Complaint sua sponte, and denies all requests in the Omnibus Motion.

## I.     MOTION TO PROCEED IFP

In accordance with 28 U.S.C. § 1915 and Civil Local Rule 3.2, any action sought to be filed IFP "must be accompanied by an affidavit that includes a statement of all assets which shows inability to pay initial fees or give security."  S.D. Cal. Civ. R. 3.2.  Plaintiff

receives $2,040 a month in alimony payments.  (IFP Mot. 1.)  She reportedly is unemployed and does not receive income from another source.  (*Id.* at 1–2.)  She has less than $4.00 in her checking accounts and is $150,000 in debt.  (*Id.* at 3–4.)  In light of Plaintiff's financial standing, the Court finds Plaintiff is eligible to proceed IFP pursuant to § 1915(a).  Accordingly, the Court **GRANTS** Plaintiff's IFP motion.

## II.    SUA SPONTE SCREENING OF COMPLAINT

### A. Legal Standard

Under 28 U.S.C. § 1915(e)(2), an IFP complaint must be screened by the Court.  28 U.S.C. § 1915(e)(2).  The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint fails to state a claim for relief under Federal Rule of Civil Procedure 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable

26-cv-03050-DMS-JAC

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[T]he pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A complaint that is too verbose, long, confusing, redundant, irrelevant, or conclusory may be dismissed for failure to comply with Rule 8." *Alexis v. Contreras*, No. 25-CV-1625, 2025 WL 1811819, at *2 (S.D. Cal. June 30, 2025) (citing *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases upholding dismissals for those reasons)).

### B. Discussion

Plaintiff asserts that her "Apple card" and Goldman Sachs have provided inconsistent banking opportunities over several years. (Compl. 2.) She claims the most recent grievance occurred a week prior to filing suit. (*Id.*) It appears Plaintiff's card was shut down. (*Id.*) When she attempted to contact a "human banker," she was prompted to input her phone number during the call; however, upon entering her phone number, the call would drop. (*Id.*) As a result, Plaintiff wishes to "own and control all of Apple," as well as JPMorgan Chase. (*Id.* at 2–3.)

Plaintiff fails to satisfy the Rule 8 pleading standard. The Complaint does not allege any cause of action and fails to plausibly allege facts to support the elements of any claim. *See Rashidiasl v. MEP*, No. 23-CV-0325-GPC-DEB, 2023 WL 3728685, at *2 (S.D. Cal. May 30, 2023). Plaintiff states she "defer[s] to Judge to assign proper legal clauses [and] law" for this alleged harm. (Compl. 3.) However, the Court cannot tell Plaintiff what causes of action to bring. *Cf. Ivey*, 673 F.2d at 268 (holding a court cannot "supply essential elements of [claims] that were not initially pled"). Further, the allegations pled are unclear and confusing. It is difficult to understand what harm Plaintiff suffered and how that harm allegedly occurred. As pleaded, Plaintiff's Complaint does not afford Defendant a fair opportunity to defend itself. Therefore, the Court **DISMISSES** Plaintiff's Complaint **with leave to amend**.

26-cv-03050-DMS-JAC

### III.    OMNIBUS MOTION

Plaintiff requests the Court (1) transfer this case to "Chief Justice"; (2) make a ruling on or before May 22, 2026; (3) schedule a settlement conference attended by a representative for each company; and (4) if needed, contact "the bank or the board" about "the settlement" on or before May 20, 2026.  (Omnibus Mot. 1.)  First, because the Complaint is dismissed in its entirety, there is no operative complaint on which to base Plaintiff's requests.  *See Abera v. San Diego Pacificvu LLC*, No. 3:25-CV-01437-RBM-DEB, 2025 WL 1645593, at *2 (S.D. Cal. June 10, 2025).  Second, these requests are vague and lack any legal basis for the Court to take such actions.  The Court **DENIES** the requests in the Omnibus Motion.

### IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DISMISSES** the Complaint, and **DENIES** the Omnibus Motion.  Plaintiff may file an Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Hon. Dana M. Sabraw
United States District Judge